Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 7453 | **DATE** | 10/26/2000 |
| **CASE TITLE** | In Re: In Re: Sears Retiree Group etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiffs now seek class certification of two counts of their complaint. For the reasons set forth below, the motion is denied. Status hearing set for November 22, 2000 at 9:45am. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | OCT 3 0 2000 date docketed | | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | FILED FOR DOCKETING | | 137 |
| | Copy to judge/magistrate judge. | | | | |
| | WAH | courtroom deputy's initials | 00 OCT 27 AM 9: 17 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: SEARS RETIREE GROUP )
LIFE INSURANCE LITIGATION. )
THIS DOCUMENT RELATES TO ) No. 97 C 7453
ALL ACTIONS )

## MEMORANDUM OPINION AND ORDER

Plaintiffs are retired former employees of Sears Roebuck & Co. (Sears) who allege that their retirement benefits were reduced under the Sears Group Life Insurance Plan in violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*. Plaintiffs now seek class certification of two counts of their complaint. For the reasons set forth below, the motion is denied.

## BACKGROUND

The underlying facts are detailed in our order entered earlier this year, In re Sears Retiree Group Life Ins. Litig., 90 F.Supp.2d 940 (N.D. Ill. 2000), and therefore we will not elaborate on them here. Suffice it to say, Sears reduced life insurance benefits for certain retirees in 1997, triggering a number of ERISA lawsuits which are now consolidated in this action. The Second Consolidated Complaint (the complaint) alleges six causes of action: plan enforcement (count I), breach of contract (count II), breach of contract on behalf of early retiree subclasses (count III), estoppel (count IV), breach of fiduciary duty (count V), and alternative equitable relief (count VI). In 1998, plaintiffs filed a motion seeking class certification of counts I-III and V. We held that class treatment was appropriate for counts I and II, but not for counts III and V. In re Sears Retiree Group Life Ins. Litig., 1999 WL 35312 (N.D. Ill. Jan. 11, 1999).



Accordingly, the plan enforcement and breach of contract counts proceeded as class claims over the ensuing year. On March 15, 2000, we granted Sears' motion for partial summary judgment with respect to those two counts and denied plaintiffs' similar cross-motion. Despite this adverse ruling, plaintiffs have not given up the fight. Instead, they press on and have now filed a motion asking us to certify their estoppel and breach of fiduciary duty claims for class adjudication. Plaintiffs acknowledge that this is their second pass at seeking class certification of the breach of fiduciary duty count. We rejected their first attempt because, under the theory advanced by plaintiffs at that time, the breach of fiduciary duty claim depended on a variety of oral and written representations that differed across the putative class. Absent a body of evidence indicating that Sears misled retirees in a more uniform manner, we held that class certification of the breach of fiduciary duty count affronted Seventh Circuit precedent. In re Sears, 1999 WL 35312, at *1-2. Plaintiffs explain that their current class theory is based on two documents which they claim were distributed to the entire putative class. Therefore, they assert that their present motion seeks a more limited ruling than before in that it requests class certification only with respect to certain discrete issues.[1] Plaintiffs argue that this approach is appropriate under Rule 23(c)(4)(A),

---

[1] Plaintiffs claim that the common issues as to the breach of fiduciary duty claim are as follows:
a. Was Sears acting in a fiduciary capacity when it prepared and disseminated informative documents regarding retiree life insurance to its employees?
b. Were those informative documents materially misleading?
c. Was Sears aware of the misinformed state of its employees caused by its conduct and did it fail to take proper corrective action?
d. Did Sears, as the Plan Administrator, fail to properly train its agents to provide accurate information regarding the scope and nature of the retiree life insurance to Plan participants?
(Plf. Mot. at 1-2). With respect to the estoppel claim, plaintiffs present the following common issue:
a. Did Sears make materially false statements of fact regarding the scope and nature of the retiree life insurance benefit under the Group Life Insurance Plan to Plan participants?
(Plf. Mot. at 2).

which provides that a class action may be certified with respect to particular issues only. *See* Fed.R.Civ.P. 23(c)(4)(A). Of course, Sears contests plaintiffs' motion with a number of counter-arguments.

## DISCUSSION

### I. Timeliness of the Motion

Sears first attempts to parry plaintiffs' motion by arguing that it is too late to seek partial class certification of the estoppel and breach of fiduciary duty claims. Sears gives three reasons. First, it asserts that the arguments raised in the present motion could have and therefore should have been raised in plaintiffs' previous motion for class certification. Second, Sears argues that plaintiffs' motion is tardy because it post-dates our order granting partial summary judgment in Sears' favor, a decision on the merits. Finally, Sears argues that plaintiffs have misconstrued our prior class certification order as an invitation to proceed as they have.

While we are somewhat troubled by the sequence of events here, we will not discard the motion on timeliness grounds. Plaintiffs correctly point out that our ruling on partial summary judgment was a decision on the merits, but only to the extent that it resolved the plan enforcement and breach of contract claims and not with regard to the two counts plaintiffs now seek to certify for class treatment (breach of fiduciary duty and estoppel). *Cf.* Bieneman v. City of Chicago, 838 F.2d 962, 964 (7th Cir. 1988) (decision whether to certify claims for class adjudication generally should precede resolution of those claims on the merits); Peritz v. Liberty Loan Corp., 523 F.2d 349, 354 (7th Cir. 1975) (same). As for our prior order on class certification, while we refused to certify a class on the breach of fiduciary duty claim at that

time, we did express a willingness to reassess the situation at some point in the future, stating: "Perhaps if we are restricted solely to the consideration of writings ... some identifiable groups will emerge – persons who were furnished a finite package of materials to encourage their early retirement. But we are not there yet." In re Sears, 1999 WL 35312, at *2. Plaintiffs may well have misread our order (*see infra* notes 2 and 8), but they have now attempted to submit a more limited class certification theory than before, and we will afford their motion a substantive review.

## II. Merits of the Motion

Plaintiffs' estoppel and breach of fiduciary duty claims are both based on allegedly misleading communications issued by Sears to its employees regarding the permanent nature of retirement life insurance benefits. We denied plaintiffs' first motion for class certification because Sears' statements varied across the class; that is, different employees received a different set of communications. Citing Frahm v. Equitable Life Assurance Society, 137 F.3d 955 (7th Cir. 1998), *cert. denied*, 525 U.S. 817 (1998), Sprague v. General Motors Corp., 133 F.3d 388 (6th Cir.) (*en banc*), *cert. denied*, 524 U.S. 923 (1998), and Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584 (7th Cir. 1993) (RCPA), we held that plaintiffs' motion failed to meet the tests of commonality and typicality. *See* Fed.R.Civ.P. 23(a)(2) and (a)(3). In an attempt to cure this defect plaintiffs now assert that they are relying on only two misleading documents which they claim were distributed to all putative class members. According to plaintiffs, every class member received a booklet entitled "Getting Acquainted With Sears" and a guide called "Sears Benefit Program." Both of these documents referred to the retirement life insurance benefit as "paid-up" and described the benefit as "free life insurance,

at age 60, for the rest of your life ... ." (Plf. Exhs. 3-15). Plaintiffs argue that by focusing on these two common writings we can certify a class action as to the estoppel and breach of fiduciary duty counts without running into the commonality and typicality problems which were fatal to their prior motion.[2]

Unfortunately for plaintiffs, we cannot proceed in this manner. Plaintiffs ask us to look at two documents distributed to all class members, putting blinders on, albeit only for the time being, with regard to other communications they may have received. In order to determine liability, however, we cannot view one or two communications in isolation. Rather, we must look at the entire set of communications received by a retiree or class of retirees. The Second Circuit articulated this principle aptly in Ballone v. Eastman Kodak Co., 109 F.3d 117 (2d Cir. 1997). There, plaintiffs sued Kodak for breach of fiduciary duty, alleging that the company had made materially misleading statements regarding the future availability of a retirement program. The Second Circuit observed that Kodak's liability for breach of fiduciary duty required the court to look at the whole picture: "Determining whether any single statement allegedly made by Kodak is an actionable misrepresentation requires considering the statement's meaning in context. The district court should examine all alleged statements within the total mix of information available" to plaintiffs. Id. at 126. The Seventh Circuit is in accord with this "total mix" concept. See Frahm, 137 F.3d at 960 (quoting Sprague, 133 F.3d at 405); Coker v. Trans World Airlines, Inc., 165 F.3d 579, 586 (7th Cir. 1999) (discussing estoppel claim); see also Varity Corp. v. Howe, 516 U.S. 489, 504-05 (1996) (holding that in

---

[2] In making this argument, plaintiffs claim to be taking a route we directed them toward in our prior order when we said that class certification may be appropriate "if we are restricted solely to the consideration of writings ... ." In re Sears, 1999 WL 35312, at *2. Plaintiffs apparently have mistaken our meaning. See infra note 8.

order to determine whether a defendant acted as an ERISA fiduciary, the court must assess all statements and not "parse[] ... communications too finely."). The two documents plaintiffs rely on may well, when viewed in a vacuum, appear misleading. But unless a group of putative class members received only those two documents, a contention plaintiffs do not make, the misleading nature of those communications does not prove plaintiffs' point.

Looking at the total mix of statements received by each retiree, as ERISA case law dictates, we find that there is too much variation to permit class adjudication of the estoppel and breach of fiduciary duty claims. In addition to the Getting Acquainted booklet and the Sears Benefit Program guide, which we assume for now were received by all retirees,[3] putative class members received one or more of a number of other communications regarding retirement life insurance benefits. Relevant communications include the following: the summary plan descriptions, which played the lead role in our partial summary judgment order (see In re Sears, 90 F.Supp.2d at 943-44); a 1994 document called "Retiree Life Insurance Questions and Answers;" form letters regarding retirement benefits that varied by state; booklets distributed at various retirement seminars held across the country; company personnel manuals from the 1980s and early 1990s; a 1992 newsletter regarding retirement benefits; materials distributed only to individuals who elected early retirement under a plan offered in 1993; and, finally, statements (oral and/or written) from company officials responding to specific inquiries by individual retirees (Sears Exhs. 5-8, 10-13, 16-18, 20-21). Some of these communications indicated that retirement life insurance benefits were

---

[3]There is some indication in the record that over 20,000 retirees (a quarter of the putative class) did not receive the Getting Acquainted booklet relied upon by plaintiffs (Sears Resp. Br. at 18-19).

permanent, while others stated that the benefits could be reduced. More importantly, different retirees received a different combination of these communications and therefore the total mix of communications varied by retiree.

As in Frahm, Sprague and RCPA, the putative class members in this case did not receive a uniform set of communications – Sears said different things to different people. Sprague involved a nearly identical situation and is particularly instructive. Like Sears' retirees, early retirees of GM learned of their retirement benefits through a variety of different channels. Most retirees received information through exit interviews, many others did so by way of summary documents, some received individual letters, and a few had personal exchanges with company officials. Just as here, some of these communications informed retirees that their benefits would be paid by GM for life, but others notified retirees that GM reserved the right to change or terminate benefits at any time. Sprague, 133 F.3d at 395. "Given these myriad variations," the Sixth Circuit held "that the plaintiffs' claims clearly lacked commonality." Id. at 397-98. We find that commonality is lacking in this case for the same reasons. See Frahm, 137 F.3d at 957.[4] Furthermore, the varying nature of communications received by retirees offends the typicality test as well. See Sprague, 133 F.3d at 399 (holding that there was no typicality since "[e]ach claim ... depended on each individual's particular interactions with GM – and these, as we have said, varied from person to person. A named plaintiff who proved his own claim would not necessarily have proved anybody else's claim."); RCPA, 7 F.3d at 597 ("Because ... there is no indication that [a class

---

[4]Although Frahm denied class certification based on Rule 23(b)(3) and not Rule 23(a)(2), it cited Sprague favorably and stated that class treatment of the fiduciary duty claim was inappropriate because "different benefits advisers said or wrote different things to different agents." Frahm, 137 F.3d at 957.

of retirees] was treated identically by the City or by its respective fund, [plaintiffs'] claims cannot be deemed typical of the entire proposed class."). Accordingly, plaintiffs have not satisfied the requirements of Rules 23(a)(2) and 23(a)(3).

Plaintiffs attempt to slice off particular questions, such as whether Sears acted as an ERISA fiduciary,[5] whether it failed to train its employees properly,[6] and whether it knowingly ignored confusion on the part of its employees,[7] arguing that these micro-issues are independently amenable for class treatment. This argument is unavailing. *See* Matter of Rhone-Poulenc Rorer, Inc., 51 F.3d 1293, 1302 (7th Cir.) (holding that when dissecting a case into separate issues for resolution, "the district judge must carve at the joint."), *cert. denied*, 516 U.S. 867 (1995). Not only do individual questions exist as to reliance and damages, variations which are not necessarily incompatible with class adjudication, they also remain on the basic question of liability. *See* Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 137-38 (3d Cir. 2000) (holding that certification of particular issues under Ruler 23(c)(4)(A) was inappropriate where "the issue of liability itself requires an individualized inquiry ... ."). Liability depends on whether a retiree received a materially misleading set of

---

[5] Sears may have acted as an ERISA fiduciary with respect to some communications and not with respect to others (*see* Plumb v. Fluid Pump Service, Inc., 124 F.3d 849, 854 (7th Cir. 1997)), so, unless there is a class of retirees who received the same set of documents, the question whether Sears was a fiduciary is not one that can be evaluated on a class-wide basis.

[6] Even if we assume that Sears' training was deficient, this failing would only come into play if a retiree received misleading information from an improperly trained official, an issue that would necessarily turn on the evaluation of oral statements and therefore be inappropriate for class treatment.

[7] Plaintiffs raised this argument in their prior motion for class certification when they attempted to distinguish Frahm by arguing that Sears "knowingly permit[ted] its staff to give misleading advice." We held that plaintiffs' argument "would, presumably, permit reliance on oral representations" and thus it was "of no help to plaintiffs on the class issue – it proliferates the sources of information." In re Sears, 1999 WL 35312, at *2.

communications from Sears. And that fundamental question varies across the class. As we suggested in our prior order on this subject, plaintiffs may be able to overcome this deficiency by showing that a particular group of retirees received a uniform set of communications. But they have not done so.[8] Therefore, as before, their motion for class certification is doomed on commonality and typicality grounds. Having rejected the motion under Rule 23(a), we need not reach plaintiffs' arguments regarding Rule 23(b).[9]

Plaintiffs spend a considerable amount of space in their briefs discussing the ERISA litigation brought against Unisys Corporation in the Third Circuit. *See* In re Unisys Corp. Retiree Medical Benefit ERISA Litigation, 57 F.3d 1255 (3d Cir.), *cert. denied*, 517 U.S. 1103 (1996). They ask us to certify a class action against Sears patterned on Unisys and its progeny. Although Unisys was discussed in plaintiffs' prior motion for class certification, the arguments they raise in their present motion deserve a few comments. In the Unisys litigation, the district court permitted retirees to pursue their breach of fiduciary duty claim on a class-wide basis. The court recognized that some retirees had received specific communications from company officials, but found that any variations across the class could be handled through subclasses and individual hearings. In re Unisys, 1994 WL 284079, at *27 (E.D. Pa. June 23, 1994).

---

[8] Our prior order allowed for the possibility that "identifiable groups [of retirees may] emerge" if we are presented with evidence that there exist cohorts of "persons who were furnished a finite package of materials to encourage their early retirement." In re Sears, 1999 WL 35312, at *2. Plaintiffs have not presented such evidence in their present motion. They continue to propose a class that received a variety of different communications, only stressing that each putative class member received two common documents. As before, we allow for the possibility that such evidence (and therefore a certifiable class) may emerge.

[9] Plaintiffs claim to be seeking class certification under Rule 23(b)(1) and/or (b)(2) but not, as before, under Rule 23(b)(3). We note, however, that plaintiffs also relied on Rule 23(b)(2) in their prior motion for class certification and that we rejected that motion based, *inter alia*, on Sprague and RCPA, two cases in which the court refused to grant a class certification motion brought pursuant Rule 23(b)(2). *See* Sprague, 133 F.3d at 396-99; RCPA, 7 F.3d at 596-98.

Without specifically ruling on the class certification issue, the Third Circuit affirmed the viability of the breach of fiduciary duty cause of action and thereby implicitly accepted the district court's decision to handle that claim as a class action. In re Unisys, 57 F.3d at 1261 n.8. On remand, the district court held that three elements of the breach of fiduciary duty claim had been established on a class-wide basis and ordered additional discovery and hearings to resolve the remaining two issues (reliance by and resulting harm to retirees). In re Unisys, 957 F.Supp. 628, 645-46 (E.D. Pa. 1997). In a handful of subsequent cases the Eastern District of Pennsylvania similarly has authorized class adjudication of an ERISA breach of fiduciary duty claim. See In re Ikon Office Solutions, 191 F.R.D. 457 (E.D. Pa. 2000); Feret v. Corestates Financial Corp., 1998 WL 512933 (E.D. Pa. Aug. 18, 1998); Bunnion v. Consolidated Rail Corp., 1998 WL 372644 (E.D. Pa. May 14, 1998). Plaintiffs urge us to adopt the Unisys model, arguing that we should, in stage 1, certify a class action with respect to the two common documents they identify and then, in stage 2, take into account the various other communications received by retirees (presumably by conducting individual hearings).

We decline to employ plaintiffs' suggested approach. If we sat within the boundaries of the Third Circuit we might well proceed down the course taken by the courts in that jurisdiction. But we reside within the bailiwick of the Seventh Circuit, which has interpreted this issue in a markedly different manner than have the Third Circuit and Eastern District of Pennsylvania. Under Frahm and RCPA, class treatment of plaintiffs' estoppel and breach of fiduciary duty claims is inappropriate given the variety of different communications received by different retirees. See Frahm, 137 F.3d at 956-57; RCPA, 7 F.3d at 596-98; *see also* Sprague, 133 F.3d at 397-98. Moreover, the degree of variation in the communications at issue

here would tempt us to shun the Unisys model even if it was favored in our circuit. In Unisys, as well as in Feret and Bunnion, the court emphasized that most of the allegedly misleading communications were issued on a company-wide basis. *See* In re Unisys, 57 F.3d at 1260, 1265-66; Feret, 1998 WL 512933, at *2, 8; Bunnion, 1998 WL 372644, at *6-7. In contrast, Sears' statements regarding retirement life insurance benefits were not as uniform. As we have seen, they differed from region to region, time to time, retirement seminar to retirement seminar, and individual inquiry to individual inquiry. For this additional reason the Unisys line of cases do not persuade us to break from the tradition of Frahm, RCPA and Sprague.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion is denied.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 26, 2000.