Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 7453 | **DATE** | 3/25/2002 |
| **CASE TITLE** | In Re: In Re: Sears Retiree Group etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Class counsel seek $5,430,000.00. Sears contends that this fee should be $1.00 or, in any event, much less than $5,430,000.00. We award $5,430,000.00.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 27 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 194 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 MAR 26 AM 11:09 | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 27 2002

IN RE: SEARS RETIREE GROUP LIFE INSURANCE )
LITIGATION: THIS DOCUMENT RELATES TO: ) No. 97 C 7453
)
ALL ACTIONS )

## MEMORANDUM AND ORDER

This court has approved the settlement of this action but it has one final task: the determination of attorneys' fees, costs and expenses to be awarded. The settlement agreement provides that class counsel are to be awarded fees, costs and expenses "in an amount no less than One Dollar ($1.00) and no greater than Five Million Four Hundred Thirty Thousand Dollars ($5,430,000), such amount to be paid solely by Sears...." In par. 19.2 of the agreement it is further provided as follows:

> 19.2 In Class Counsel's Fee Petition, it is agreed that the Court shall be permitted to award a fee, costs and expenses as if Class Counsel were petitioning against a common fund in the value of the settlement, even though it is Sears that will ultimately pay any fees and expenses awarded. Sears shall not be permitted to argue or assert, nor shall the Court consider, that Class Counsel are limited to lodestar fees on the grounds that it is Sears, rather than the fund (i.e., Plaintiffs' counsel's clients) that is paying the fee, under <u>City of Burlington v. Dague</u>, 505 U.S. 557 (1992) or otherwise. Nor shall Sears argue that common fund principles are not available to the Court, in the Court's discretion, with respect to any fee award. Sears shall be permitted to oppose Class Counsel's

194

Fee Petition on any other grounds permitted by law. Subject to the foregoing, Sears can argue, for example, that paying a percentage is inappropriate in this case, or that awarding lodestar fees or a multiplier of lodestar fees is inappropriate, among other arguments.

Class counsel seek $5,430,000. Sears contends that this fee should be $1.00 or, in any event, much less than $5,430,000. We award $5,430,000.

This litigation has been going on for more than four years. It has been hotly contested. The time expended by class counsel is now approaching 12,000 hours. Sears counsel has devoted more than 14,000 hours to the defense against the claims. Plaintiffs have lost some significant substantive battles, and this settlement value is a small fraction of what they originally sought. That is the primary reason Sears seeks to restrict any award.

Sears contends that it provided relief to mend the riff with its retirees, not because of the litigation, and that the class success was inconsiderable. We are uncertain how inconsiderable relief was supposed to appease the retirees (and they did not seem particularly mollified at the fairness hearing.) The settlement agreement does recite that one reason Sears has for settling is its wish "to reunite the Sears family...." but it first gave as a reason "the uncertainty, risks, delay and costs associated with litigation." We are not at all sure that some previously unexpressed subjective motivation for settling should be considered as a fees factor. What we are sure of is that this case was settled after over four years of very active litigation by highly competent attorneys, resulting in a complex arrangement reached after lengthy negotiations.

The parties agree that the resulting common benefit exceeds $28,000,000. Sears claims

that its agreement not to reduce life insurance coverage further is not a measurable benefit because it had no intention of doing so anyway. Perhaps it is right, although the agreement provides some peace of mind for a very large class. But even if we ignore that benefit and do not consider Sears' agreement to pay class fees, costs and expenses as a class benefit, the requested fees (after payment of costs and expenses) are about 18.3 per cent of the benefits.

Sears argues that $28 million is not much, considering what plaintiffs wanted. And it isn't. But that kind of argument is double edged, as the amount of the settlement is a reflection of the legal difficulties facing the plaintiffs and the consequent risks of nonpayment assumed by their counsel. The applicable law was not favorable to plaintiffs when the litigation began and became less favorable as time went on. At the time of settlement the plaintiffs and Sears were about to embark on a series of individual trials, with the prospect of possibly thousands more over a period of years. Sears could have lost some or all of them. The substantive issues ruled upon favorably to Sears were still subject to appeal. The continuation of the litigations was not a pleasant prospect for anyone.

Percentage recovery of a common benefit is the usual approach in cases of this nature, although a lodestar plus multiplier approach may be sometimes appropriate <u>Florin v. Nationsbank of Georgia, N.A.</u>, 34 F.3d 560, 566 (7th Cir. 1994). Certainly, though, a look to the lodestar amount is a wholesome check on the reasonableness of this percentage recovery. Here it results in a multiplier well under two, well within the range approved in <u>Florin</u>, <u>supra</u>. The ultimate purpose, moreover, is to compensate class counsel at a level that would have induced them to undertake the litigation if they were going to be paid by their clients. And that requires an assessment of the risk of no compensation at all. <u>In re Synthroid Marketing</u>

Litigation, 264 F.3d 712, 718 (7th Cir. 2001); Montgomery v. Aetna Plywood, Inc., 231 F.3d 399, 408 (7th Cir. 2000). Even at the beginning of this case the risk of no recovery at all was high. $28 million, although a not inconsiderable sum, is, as we said, a small fraction of what plaintiffs would have recovered if they had prevailed on all claims, but it is a reflection of the legal difficulties facing the plaintiffs in pursuing their claims. Less than 20% of the common benefit is hardly an unreasonable compensation for a difficult case. It is less than the usual negotiated contingency fees and less than the contingency fees negotiated here. And it is less than what plaintiffs could have reasonably sought if the recovery had been greater. Further, Sears protected itself from a recovery of fees in the upper end of the reasonable range by capping recovery at $5,430,000 for fees, costs and expenses. We think class counsel are entitled to that amount.

Sears also questions a number of specific billings. If we were to agree with all of its contentions the result, a decrease in the lodestar hours, would slightly increase the multiplier of a $5,430,000 award. But, because the award is based upon a percent of a common benefit, we need not rule upon those objections. Defendant's concerns might possibly have an impact upon the allocation of fees among the various firms but, pursuant to the settlement agreement, that is within the province of the Steering Committee.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

March 25, 2002.